Other cases which announce a similar general doctrine are as follows:

County of Caldwell v Crocket, 4 SW 607.

Wm. D. Cleveland & Sons v Smith, 113 SW 547.

Kruegel v Murphy & Bolanz, 126 SW 680.

Nichols·v Bryden, 122 Pac. 1119.

Thomas v Citizens' Natl. Bank, 147 NW 1005.

In addition to the foregoing, it is expressly provided by §11364, GC, that, in case a reviewing court shall determine "that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded and such judgment or decree under review shall be affirmed, or it shall be modified if in the opinion of such reviewing court a modification thereof will do more complete justice to the party complaining."

In some of the cases hereinbefore cited the verdict was directed in favor of the plaintiff, and in others in favor of the defendant, but that difference does not seem to have been considered of any consequence; and the Supreme Court of Ohio has recently approved a directed verdict for the plaintiff, in a case where the material issues were "established beyond dispute." In that case the Supreme Court declared that such verdict became the action "not of the jury, but of the court," and that the verdict could therefore be amended at a subsequent term by a nunc pro tunc order.

**Webb v Western Reserve Bond & Share Co., 115 Oh St 247.**

In the case at bar, it is apparent from the record that, had a jury trial been granted, no judgment other than the one that was entered could have been rightfully entered, and it is clear that the error in not granting a jury trial did not prejudice and could not have prejudiced the rights of the party against whom the judgment was rendered in the case.

Following the course justified by the foregoing decisions and statute, which we believe are in furtherance of a wise public policy, we affirm the judgment in this case so far as said realty company is concerned.

There were other parties to this suit, one of which was the Commercial State Bank of St. Paul, which also demanded a jury trial and properly saved exceptions to the refusal of the court to grant the same, and it has filed a cross-petition in error in this case, and also a petition in error in a separate case (No. 2246).

The observations that have been made are also applicable to such defendant, and, in addition thereto, we find that, so far as said defendant is concerned, there was no issue joined between it and the plaintiff, Mr. McCready, which entitled it to a jury trial, and hence the judgment as to it is also affirmed, both in this case and in case No. 2246.

FUNK and STEVENS, JJ, concur in judgment.

## DAVIS v WARNER

Ohio Appeals, 5th Dist, Morrow Co

Decided Dec 12, 1933

For full opinion see 40 OLR 384; 192 NE 270; 47 Oh Ap 495.

**COLLINS, Admr, Etc v SUTTER et**

Ohio Appeals, 9th Dist, Summit Co

No 2495.   Decided Oct 8, 1934

Geo. B. Wells, Akron, and Geo. Hargreaves, Akron, for plaintiff in error.

W. A. Woodling, Akron, and A. H. Johnson, Akron, for defendants in error.

T. B. Mateer, Mt. Gilead, and Ulrey & Ashbaugh, Columbus, for plaintiffs in error.

W. P. Vaughan, Cardington, Benj. Olds, Mt. Gilead, C. H. Wood, Mt. Gilead, and Walter Dressel, Columbus, for defendants in error.